TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
        Victor.Rodgers@usdoj.gov
        Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA and
TRACY L. WILKISON (OFFICIAL CAPACITY)
and KRISTI KOONS JOHNSON (OFFICIAL
CAPACITY)

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL MAGEE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY) AND KRISTI KOONS JOHNSON (OFFICIAL CAPACITY),<br><br>    Defendants. | Case No. 2:21-cv-03294-RGK-MAR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF JESSIE MURRAY AND VICTOR A. RODGERS; [PROPOSED] ORDER GRANTING MOTION LODGED UNDER SEPARATE COVER**<br><br>Date:    August 23, 2021<br>Time:    9:00 a.m.<br>Courtroom: 850, the Honorable<br>             R. Gary Klausner |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 23, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable R. Gary Klausner, United States District Court, Courtroom 850, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "the government") will and hereby do move, pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 14, 2021 (see Rodgers Decl. ¶ 2), and is made on the grounds that there is no subject matter jurisdiction over this action.

This motion is based upon this notice of motion and motion; the attached memorandum of points and authorities and declarations of Jessie Murray and Victor A. Rodgers; the proposed order granting the motion (lodged under separate cover); all pleadings and papers on file in this action; and such further matters as may be presented at any hearing on this Motion, and matters of which the Court may take notice.

Dated: July 21, 2021                    Respectfully submitted,

                                        TRACY L. WILKISON
                                        Acting United States Attorney
                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                              /s/
                                        ANDREW BROWN
                                        VICTOR A. RODGERS
                                        MAXWELL COLL
                                        Assistant United States Attorneys

                                        Attorneys for Defendants
                                        UNITED STATES OF AMERICA, et al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "the government") respectfully submit this memorandum of points and authorities in support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the complaint of plaintiff Michael Magee (case no. 2:21-cv-03294-RGK-MAR) and the first amended complaint of plaintiffs Mitchell Magee and Ike Roberts (case no. 2:21-cv-03298-RGK-MAR) for lack of subject matter jurisdiction.[1]  Because the government has commenced administrative forfeiture proceedings against the currency plaintiffs seek to have returned, plaintiffs cannot show that subject matter jurisdiction lies, plaintiffs have an adequate remedy at law and district courts are divested of jurisdiction to hear plaintiffs' Fed. R. Crim. P. 41(g) complaints for return of property.

## II.

## STATEMENT OF FACTS

Plaintiff Michael Magee has filed a complaint and plaintiffs Mitchell Magee and Ike Roberts have filed a first amended complaint, which are virtually identical and assert causes of action for return of property pursuant to Fed. R. Crim. P. 41(g) (first cause of action) and for declaratory relief for purported violations of the Fourth and Fifth Amendments arising from the government's search and seizure of items inside their safety deposit boxes situated at US Private Vaults ("USPV") in Beverly Hills, California (second cause of action).  Docket No. 1 (complaint ¶ 5).  Plaintiff alleges he had "non-contraband valuable property in safe deposit boxes at" USPV.  Complaint/First

---

[1] Because the complaint in <u>Michael Magee v. United States of America, et al.</u>, Case No. 2:21-cv-03294-RGK-MAR and first amended complaint in <u>Mitchell Magee and Ike Roberts v. United States of America, et al.</u>, Case No. 2:21-cv-03298-RGK-MAR are virtually identical, the government is filing identical motions to dismiss in both cases.  Even though there are two plaintiffs in the <u>Mitchell Magee</u> case, the government hereinafter in this brief refers to all plaintiffs using the singular "plaintiff."

1

Amended Complaint ("FAC") ¶ 5. However, as set forth below, each plaintiff had currency stored in his safe deposit box which is the subject of FBI administrative forfeiture proceedings (Murray Decl. ¶¶ 3-5 and Exhibits A-I), and the "non-contraband valuable property" plaintiff references in his pleading was seized on or about March 22, 2021 (complaint/FAC ¶ 5).

In March 2021, a grand jury indicted USPV for conspiring with its customers to launder money, distribute drugs, and structure financial transactions to avoid currency reporting requirements. Rodgers Decl. ¶ 3 and Ex. A. The indictment provides that USPV's business is predicated on "attract[ing] customers in possession of proceeds from criminal offenses[.]" Id. (Ex. A [indictment at 3:21]). USPV allegedly did so by "touting the anonymity of the safety deposit rentals" and "boasting that, unlike banks, its anonymous safety deposit box rentals did not require customer information that 'can be easily accessed by government agencies (such as the IRS)[.]' " (Ex. A [indictment at 3:23-28]). The government obtained a sealed criminal seizure warrant for, among other things "[t]he nests of safety deposit boxes and keys" located at USPV, and the warrant provides that it "does not authorize a criminal search or seizure of the contents of the safety boxes[,]" that "agents shall follow their written inventory policies to protect their agencies and the contents of the boxes" and that "agents shall inspect the contents of the boxes in an effort to identify their owners in order to notify them so that they can claim their property[.]" Rodgers Decl. ¶ 4 and Ex. B.

Plaintiff's complaint challenges the constitutionality of the procedure whereby the government provided box holders the opportunity to request the return of seized property (which procedure does not involve the asset forfeiture proceedings discussed below) and provided plaintiff with a voluntary additional remedy that the government is not required to provide when executing a warrant. Specifically, plaintiff alleges that USPV has been closed since March 26, 2021, and has a sign affixed to the door that instructs box holders to go to a FBI website that provides that, to make a claim for property stored at USPV, a box holder (such as plaintiff) should provide his first, middle and last names and best

contact number so that a FBI agent can contact the box holder for additional details. Complaint/FAC ¶¶ 15 and 16.

On May 20, 2021, the FBI sent a notice letter to plaintiff Mitchell Magee advising of the FBI's initiation of administrative forfeiture proceedings relative to $600,980.00 in U.S. Currency seized from box number 504, and the FBI received Mitchell Magee's claim to contest the administrative forfeiture of these funds on June 1, 2021.  Murray Decl. ¶ 3 and Exhibits A, B and C.  In addition, on May 20,2021, the FBI sent a notice letter to plaintiff Ike Roberts advising of the FBI's initiation of administrative forfeiture proceedings relative to $341,500.00 in U.S. Currency seized from box number 5512, and the FBI received Ike Roberts claim to contest the administrative forfeiture of these funds on June 1, 2021.  Id. at ¶ 4 and Exhibits D, E and F.  Finally, on May 21, 2021, the FBI sent a notice letter to plaintiff Michael Magee advising of the FBI's initiation of administrative forfeiture proceedings relative to $305,000.00 seized from box number 4303, and the FBI received Michael Magee's claim to contest the administrative forfeiture of these funds on June 1, 2021.  Id. at ¶ 5 and Exhibits G, H and I.

## III.

## ARGUMENT

### A. The Standards For Motions To Dismiss Under Fed. R. Civ. P. 12 For Lack of Subject Matter Jurisdiction.

Federal courts should not adjudicate controversies where subject matter jurisdiction is lacking because they "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986)(citation omitted).  As courts of limited jurisdiction, the presumption is that a court is "without jurisdiction unless the contrary appears affirmatively from the record."  Id. at 546 (internal quotes and citations omitted).  The burden of establishing subject matter jurisdiction rests upon the party invoking it [DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)] and "the court is under a continuing duty to dismiss an action whenever it appears that the court

lacks jurisdiction." Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989) (internal quotes and citation omitted); see also Fed. R. Civ. P. 12(h)(3).

Fed. R. Civ. P. 12(b)(1) subject matter jurisdiction attacks can be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In "a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Conversely, in a factual attack "[n]o presumptive truthfulness attaches to plaintiff's [complaint's] allegations" [Thornhill Pub. v. General Tel. and Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979) (internal quotes and citation omitted)], "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" [Safe Air for Everyone, 373 F.3d at 1039 (citation omitted)], and courts may weigh the extrinsic evidence in determining whether the facts show that a plaintiff has discharged plaintiff's burden of demonstrating that subject matter jurisdiction exists [Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir. 1987)].

### B. Plaintiff's Complaint/FAC Seeks To Invoke The Equitable Jurisdiction Of This Court.

Because plaintiff seeks the return of property pursuant to Fed. R. Crim. P. 41(g), plaintiff's complaint/FAC (or for that matter a motion, which is treated as a complaint)[2] seeks to invoke the Court's equitable jurisdiction. Fed. R. Crim. P. 41(g) motions/complaints are only appropriate where the return of property is sought and no criminal or civil action seeking forfeiture of the property is pending. See United States

---

[2] Ninth Circuit cases instruct district courts to treat Rule 41(g) motions as civil complaints governed by the Federal Rules of Civil Procedure. United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008) ("[b]ecause there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure") (citation omitted); Ritchie, 342 F.3d at 907 (nothing in Ninth Circuit case law "indicates that a district court may treat a Rule 41[(g)] motion as something less than a civil complaint when there is no pending criminal proceeding"). Once district courts treat the motion "as a civil complaint, . . . it [is] required to apply the Federal Rules of Civil Procedure. These rules apply to each stage of the proceedings, the same way they would in the civil context." Ibrahim, 522 F.3d at 1008 (citation omitted and emphasis in original).

v. $8,850, 461 U.S. 555, 569-70 (1983) (recognizing such motions under former Fed. R. Crim. P. 41(e)).  Because such a movant has no other available forum to address the grievance, Fed. R. Crim. P. 41(g) motions are treated as equitable civil actions.  <u>United States v. Martinson</u>, 809 F.2d 1364, 1367 (9th Cir. 1987).

The Ninth Circuit has recognized that a district court's invocation of equitable jurisdiction to hear a Fed. R. Crim. P. 41(g) request for return of property should be exercised with caution and restraint.  <u>Ramsden v. United States</u>, 2 F.3d 322, 324 (9th Cir. 1993).  It is a fundamental principle of equitable jurisdiction that if an adequate remedy at law exists, equitable relief is unavailable.  <u>United States v. Elias</u>, 921 F.2d 870, 875 (9th Cir. 1990) (affirming district court's refusal to exercise equitable jurisdiction "because Elias had an adequate remedy at law"); <u>United States v. U.S. Currency, $83,170.78</u>, 851 F.2d 1231, 1235 (9th Cir. 1988) (affirming denial of motion for return of property where adequate remedies at law existed; there was "no need to fashion an equitable remedy").

    **C.**    **Plaintiff Cannot Discharge His Burden Of Showing Equitable (And Therefore Subject Matter) Jurisdiction Exists Because The Commencement Of Administrative Forfeiture Proceedings Provides Plaintiff With An Adequate Remedy At Law And Divests District Courts Of Jurisdiction To Hear A Rule 41(g) Motion/Complaint.**

    **1.**    **The Impact Of Initiating Administrative Forfeiture Proceedings.**

The government has commenced administrative forfeiture proceedings as to plaintiff's property.  Therefore, plaintiff cannot discharge his burden of showing that equitable (<u>i.e.</u>, subject matter) jurisdiction lies here.  That is because plaintiff has an adequate remedy at law - - namely to pursue his claims in the administrative forfeiture proceedings, and district courts are therefore divested of jurisdiction to hear a Rule 41(g) motion or complaint.

In <u>Elias</u>, the Ninth Circuit held that administrative forfeiture proceedings provide an adequate remedy at law and therefore preclude a district court from exercising

equitable jurisdiction to hear a Fed. R. Crim. P. 41(g) motion for return for property. There, the government had seized assets and initiated administrative forfeiture proceedings by providing notice thereof.  In affirming the district court's dismissal of Elias' motion, the court concluded that "Elias had a remedy at law pursuant to the administrative forfeiture scheme set forth in 19 U.S.C. § 1608." 921 F.2d at 872.  The court rejected the argument that only pending judicial forfeiture proceedings precluded Fed. R. Crim. P. 41(g) relief, and held that administrative forfeiture proceedings "provided Elias with the procedural tools to seek judicial review of the lawfulness of the seizure of his property" and that "both [the administrative and judicial forfeiture] procedures give the claimant an adequate remedy at law." Id. at 873.

Following this rule, numerous Ninth Circuit and district court cases within the Ninth Circuit have dismissed Fed. R. Crim. P. 41(g) motions and complaints where forfeiture proceedings are pending, reasoning that the initiation of forfeiture proceedings provides an adequate remedy at law and divests courts from hearing Fed. R. Crim. P. 41(g) motions or complaints for the return of property.  See, e.g., U.S. Currency, $83,310.78, 851 F.2d at 1235 ("when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant"); In Re Return of Seized Prop. (Jordan), 625 F. Supp. 2d 949, 955 (C.D. Cal. 2009) (in granting the government's motion to dismiss a Fed. R. Crim. P. 41(g) motion for return with prejudice, the court noted "the Ninth Circuit has held that a Rule 41(g) motion is properly denied once a civil forfeiture action has been filed") (citation omitted); In Re The Return of Seized Property, Specifically All Funds Seized from BoundlessRise, LLC, 2017 WL 4180149 (C.D. Cal. Aug. 30, 2017) (in granting government's motion to dismiss for lack of subject matter jurisdiction, the district court noted "if a related civil forfeiture proceeding is filed - - either before or after the Rule 41(g) motion was brought - - the court no longer has jurisdiction to entertain the Rule 41(g) motion.  A civil forfeiture proceeding gives the claimant an adequate remedy at law, precluding exercise of the district court's equitable powers") (internal quotes and citations omitted).

Cases outside the Ninth Circuit are in accord. Abernathy v. Kral, 305 F. Supp. 3d 795 (N.D. Ohio 2018) (where the government has begun civil forfeiture proceedings, a motion for return should be denied because plaintiff has an adequate remedy at law in the civil forfeiture case to challenge forfeiture and seek return of seized property); CFK, LLC v. United States, 324 F.R.D. 236 (D. Ut. 2018) (where government has begun civil forfeiture proceedings, Fed. R. Crim. P. 41(g) motion should be dismissed because claimant can no longer show that claimant lacked a legal remedy as required to obtain equitable relief under Fed. R. Crim. P. 41(g)); Haltiwanger v. United States, 494 F. Supp. 2d 927 (N.D. Ill. 2007) (granting government's motion to dismiss for lack of jurisdiction because the district court lacked equitable jurisdiction to hear Fed. R. Crim. P. 41(g) motion once administrative forfeiture proceedings were commenced).

Numerous other cases also reach the same result. United States v. Voraveth, 2008 WL 4287293, *13 (D. Minn. Jul. 1, 2008), r. & r. adopted, United States v. Naovalath, 2008 WL 2885965 (D. Minn. Jul. 22, 2008) (equitable relief under Fed. R. Crim. P. 41(g) is not available once administrative forfeiture proceedings commenced because those proceedings provide an adequate remedy at law); $8,050.00 in U.S. Currency v. United States, 307 F. Supp. 2d 922, 926-27 (N.D. Ohio 2004) (comprehensive provisions in 18 U.S.C. § 983, governing the procedural aspects of civil forfeiture proceedings, give claimant an adequate remedy at law for contesting a civil forfeiture; thus, once the Government commences administrative forfeiture proceedings, a Rule 41(g) motion must be dismissed).[3]

Indeed, in dismissing Fed. R. Crim. P. 41(g) actions, courts specifically hold that forfeiture proceedings provide an adequate remedy at law to raise any claim, like plaintiff's claim here, that the seizure violated the Fourth and Fifth Amendments. Elias,

---

[3] See also United States v. One 1974 Learjet, 191 F.3d 668, 673 (6th Cir. 1999) ("After the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e), but instead must submit to the statutory procedures governing civil forfeiture proceedings") (citation omitted); Ibarra v. United States, 120 F.3d 472, 475-76 (4th Cir. 1997) ("once the Government initiates forfeiture proceedings, the district court is divested of jurisdiction" to hear Fed. R. Crim. P. 41(g) motion).

7

921 F.2d at 873 (administrative forfeiture proceedings "provided Elias with the procedural tools to seek judicial review of the lawfulness of the seizure of his property" and "an adequate remedy at law"); U.S. Currency, $83,310.78, 851 F.2d at 1235 ("when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation.  Accordingly, when a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant.  The district court did not err in denying the Rule 41(e) motion"); United States v. One 1987 Jeep Wrangler, 972 F.2d 472, 479 (2d Cir. 1992) ("the claimant is afforded the opportunity to test the legality of the seizure in the forfeiture proceeding.  Consequently, once the administrative process has begun, the district court loses subject matter jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(e) motion") (citations omitted).

      Multiple other cases reach the same result.  See, e.g., United States v. 2nd Amendment Guns, LLC, 917 F. Supp. 2d 1120 (D. Or. 2012) (once government commences administrative forfeiture proceeding, claimant has an adequate remedy at law to raise claimant's Fourth Amendment unlawful search arguments); Baranski v. Fifteen Unknown Agents of ATF, 195 F. Supp. 2d 862, 868 (W.D. Ky. 2002) (district court has no jurisdiction to consider Fed. R. Crim. P. 41 motion raising Fourth and Fifth Amendment issues because the commencement of forfeiture proceedings provides an adequate remedy at law and therefore shows that the movant cannot establish equitable jurisdiction); United States v. U.S. Currency in the Amount of $146,800, 1997 WL 269583, *5 (E.D.N.Y. Apr. 28, 1997) (Fed. R. Crim. P. 41 motion is not an appropriate vehicle for challenging the legality of a seizure because the claimant has adequate remedy at law – i.e., contesting the forfeiture in the civil forfeiture case).

      Therefore, plaintiff's complaint/FAC should be dismissed for lack of subject matter jurisdiction.  The commencement of administrative forfeiture proceedings provides an adequate remedy at law and divests a district court of jurisdiction to hear a Rule 41(g) claim like plaintiff's.

### 2. The Submission Of A Claim To The FBI To Contest The Administrative Forfeiture Does Not Change The Analysis.

The submission of a claim to the FBI to contest the FBI's forfeiture of the property (i.e., by the FBI rendering a final decision that actually decides that the property is forfeited) does not alter the conclusion that subject matter jurisdiction does not lie. Instead, the FBI's receipt of a claim merely starts the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) & (B) for the government to either release the property or file an in rem civil forfeiture complaint in Court that names the property as the defendant asset.

While the submission of a valid claim stops the administrative forfeiture proceedings,[4] it does not stop any future judicial forfeiture proceedings against the property and therefore a Rule 41(g) movant has an adequate remedy at law because the movant can raise any arguments to contest the forfeiture in the judicial action. As the court noted in United States v. 2nd Amendment Guns, LLC, 917 F. Supp. 2d 1120 (D. Or. 2012), in denying a Rule 41(g) motion because administrative forfeiture proceedings had been commenced, it made no difference that claimant had submitted a claim and the government had not yet filed a judicial forfeiture action, because Congress has given the government 90 days under 18 U.S.C. § 983(a)(3)(A) & (B) to decide how to proceed: by filing a judicial complaint or releasing the property. Id. at 1122. Further, if a claimant asserts he has an immediate need for property, the claimant still has an adequate remedy at law because the claimant may seek immediate return of the property by filing a

---

[4] Once a seizing agency (like the FBI) receives a valid claim to contest the administrative forfeiture of an asset (and assuming the claim plaintiff has submitted to the FBI is valid), the seizing agency suspends the administrative forfeiture proceeding as to the asset (28 C.F.R. § 8.10(e)), the seizing agency cannot issue a judgment or final decision that forfeits the asset to the government via what is known as a "declaration of administrative forfeiture" and is the equivalent of a court judgment of forfeiture in a judicial case (28 C.F.R. § 8.12), the seizing agency must refer the matter to the United States Attorney's Office (the "USAO") for the filing of an in rem judicial civil forfeiture action that names the asset as a defendant (28 C.F.R. § 8.10(e)), and the government must release the property if the USAO does not file the judicial complaint within 90 days after the seizing agency received the claim (18 U.S.C. § 983(a)(3)(A) & (B)).

9

hardship petition pursuant to 18 U.S.C. § 983(f).  2nd Amendment Guns, LLC, 917 F. Supp. 2d at 1122.

## IV.
## CONCLUSION

For the foregoing reasons, the government respectfully requests that its motion be granted and plaintiff's complaint/FAC be dismissed without leave to amend.

Dated: July 21, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

　　　　　/s/
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.