TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
          Victor.Rodgers@usdoj.gov
          Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA and
TRACY L. WILKISON (OFFICIAL CAPACITY)
and KRISTI KOONS JOHNSON (OFFICIAL CAPACITY)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL MAGEE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY) AND KRISTI KOONS JOHNSON (OFFICIAL CAPACITY),<br><br>    Defendants. | Case No. 2:21-cv-03294-RGK-MAR<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date:    September 7, 2021<br>Time:    9:00 a.m.<br>Courtroom:  850, the Honorable<br>                R. Gary Klausner |

# SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "the government") respectfully submit this supplemental memorandum of points and authorities in support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the complaint of plaintiff Michael Magee (case no. 2:21-cv-03294-RGK-MAR) and the first amended complaint ("FAC") of plaintiffs Mitchell Magee and Ike Roberts (case no. 2:21-cv-03298-RGK-MAR) for lack of subject matter jurisdiction. The complaint and FAC are virtually identical, so the government submits this identical supplemental memorandum in both cases.

On July 21, 2021, the government filed its ten-page motion to dismiss. Docket Nos. 15 (21-cv-03294) and 19 (21-cv-03298). Thereafter, on July 26, 2021, the government filed a notice continuing the hearing date on the motion to September 7, 2021, and advising that any opposition to the motion would be due 21 days before the hearing date per Local Rule 7-9 (i.e., by August 17, 2021). Docket Nos. 17. (21-cv-03294) and 21 (21-cv-03298). On July 23, 2021, the Court issued an order dismissing a virtually identical complaint pursuant to Fed. R. Civ. P. 12(b)(6) because the plaintiff's complaint in that case did not provide the government with fair notice of the grounds upon which plaintiff's claims rested since it neither identified the box number which plaintiff rented nor the property plaintiff sought to have returned. See Moe v. United States of America, Case No. 21-cv-02990-RGK-MAR (docket no. 33).

Dismissal of the complaint here is appropriate for the same reason under Fed. R. Civ. P. 12(b)(6): plaintiff's complaint neither identifies the box number plaintiff rented nor the property plaintiff seeks to have returned. Plaintiff's complaint is additionally subject to dismissal because plaintiff's non-Rule 41(g) claim in his second claim for relief is barred by the doctrine of sovereign immunity and therefore subject matter jurisdiction does not lie with respect to that claim.

## II.

## ARGUMENT

### A. The Standards For Motions To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Under Fed. R. Civ. P. 12(b)(6).

Courts should grant a Fed. R. Civ. P. 12(b)(6) motion when a complaint fails to allege a cognizable legal theory or sufficient factual support for a legal theory. Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F.3d 1156, 1159 (9th Cir. 2016). Fed. R. Civ. P. 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (internal quotes omitted). A complaint must set forth "enough facts to state a claim for relief that is plausible on its face" to defeat the motion. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts accept as true the well-pleaded material factual allegations of a complaint but not conclusory allegations, unwarranted factual deductions, unreasonable inferences or legal characterizations [Bell Atlantic Corp., 550 U.S. at 555; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003)], and may consider documents attached to or mentioned in a complaint and matters subject to judicial notice without converting the motion into a summary judgment motion. Massey v. Ojaniit, 759 F.3d 343, 347-48 (4th Cir. 2014); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

### B. Plaintiffs' Second Claim For Relief Is Barred For The Additional Reason That Subject Matter Jurisdiction Does Not Lie Because Of Sovereign Immunity.

Plaintiff's second claim for relief, if not based on equitable jurisdiction created for Rule 41(g) motions but instead on something else under 21 U.S.C. § 1331, is still barred. The doctrine of sovereign immunity precludes the maintenance of that claim. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Jachetta v. United States, 653 F.3d 898, 903 (9th Cir. 2011) (citation and internal quotation marks omitted). Thus,

1 | "[i]n an action against the United States, in addition to statutory authority granting
2 | subject matter jurisdiction, there must be a waiver of sovereign immunity."  <u>Arford v.
3 | United States</u>, 934 F.3d 907, 923-24 (9th Cir. 2009).  That waiver "cannot be implied,
4 | but must be unequivocally expressed in statutory text."  <u>Jachetta</u>, 653 F.3d at 903
5 | (citation and internal quotation marks omitted); <u>Baker v. United States</u>, 817 F.2d 560,
6 | 562 (9th Cir. 1987) ("A party bringing a cause of action against the federal government
7 | bears the burden of showing an unequivocal waiver of immunity").

8 |     As to the non-Rule 41(g) claim for relief, plaintiff's complaint cites to the
9 | Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 (Complaint/FAC ¶ 3), but the
10 | Declaratory Judgment Act is not an independent source of subject matter jurisdiction.
11 | Instead, the Declaratory Judgment Act requires another basis for subject matter
12 | jurisdiction.  28 U.S.C. § 2201 provides that federal courts may grant declaratory relief
13 | "in a case . . . <u>within</u> its jurisdiction."  (Emphasis added).  See <u>North County
14 | Communications Corp. v. California Catalog & Tech.</u>, 594 F.3d 1149, 1154 (9th Cir.
15 | 2010).

16 |     The only conceivable basis for arguing that sovereign immunity has been waived
17 | is under the Administrative Procedures Act (the "APA").  However, plaintiff's complaint
18 | does not cite to the APA, and even if it did, the APA provides only a limited grant of
19 | jurisdiction to sue the government under circumstances not present here.  As the Ninth
20 | Circuit has stated, "no cause of action under the APA exists if (1) 'statutes preclude
21 | judicial review,' 5 U.S.C. § 701(a)(1); (2) the relevant agency action is not a 'final
22 | agency action for which there is no other adequate remedy in a court,' 5 U.S.C. § 704; or
23 | (3) the 'agency action is committed to agency discretion by law,' 5 U.S.C. § 701(a)(2)."
24 | <u>Hyatt v. Office of Management and Budget</u>, 908 F.3d 1165, 1170 (9th Cir. 2018) (citing
25 | <u>City of Oakland v. Lynch</u>, 798 F.3d 1159, 1165 (9th Cir. 2015)).  In <u>City of Oakland</u>, the
26 | Ninth Circuit affirmed the dismissal for lack of subject matter jurisdiction the City of
27 | Oakland's lawsuit under the APA to prevent the federal government from seeking civil
28 | forfeiture of real property where a retail marijuana store was operating in violation of

federal marijuana laws, and held that civil forfeiture proceedings could not be challenged under the APA for three separate reasons: the decision to proceed with forfeiture proceedings is committed to agency discretion, the decision to proceed with a civil forfeiture proceeding is not a final agency action, and the existing civil forfeiture statutes provided an adequate remedy in court.  Id. at 1165-67.

The Ninth Circuit noted "the APA does not apply if the 'agency action is committed to agency discretion by law' or if 'statutes preclude judicial review[ ]' (citing 5 U.S.C. § 701(a)(1) and (2)), and "[t]he APA does not 'confer [ ] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought[]' " (citing 5 U.S.C. § 702).  City of Oakland, 789 F.3d at 1165.  The Court concluded "[b]ecause the Government's decision to file the forfeiture action is committed to agency discretion, and because Oakland's suit is impliedly forbidden by the existence of the forfeiture statute, judicial review is precluded" under the APA.  Id.

As to agency discretion under 5 U.S.C. § 701(a)(2), the Court noted "[L]itigation decisions are generally committed to agency discretion by law, and are not subject to judicial review under the APA. . . . The Government's decision relied on the exercise of the equivalent of prosecutorial discretion and is thus immune from judicial review under the APA."  Id. at 1165 (internal quotes omitted).  As to statutory preclusion (i.e., 5 U.S.C. §§ 701(a)(1) and 702), the Ninth Circuit held that because the forfeiture statute, 18 U.S.C. §§ 981-983 and Supplemental Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which allows persons to file claims contesting forfeiture and provides a standard to review whether property is subject to forfeiture, is a "precisely drawn, detailed statute [and therefore] pre-empts more general remedies" under the APA, "[t]he existing forfeiture framework . . . impliedly forbids review of Oakland's [APA] claims."  Id. at 1165.

Finally, the Court noted 5 U.S.C. § 704 also "bar[red] [Oakland's] claims" because that statute permits judicial review only for "final agency action for which there is no other adequate remedy in a court."  City of Oakland, 789 F.3d at 1166 (emphasis in

original and citing 5 U.S.C. § 704). The Court held the government's "decision to file the forfeiture action is not 'final,' because it is not an action by which rights or obligations have been determined, or from which legal consequences will flow." Id. (internal quotes omitted). In addition, the Court noted "[a] forfeiture action simply makes evident the Government's intention to challenge the status quo; any rights, obligations, and legal consequences are to be determined later by a judge." Id. at 1166-67. Further, the court noted "there is another adequate remedy-the forfeiture action." Id. at 1167.

For each of these three reasons, subject matter jurisdiction does not exist over plaintiff's non-Rule 41(g) claim. That claim does not fall within the purview of the APA's sovereign immunity waiver, and it should therefore be dismissed.

### III.
### CONCLUSION

For these additional reasons, the government respectfully requests that its motion be granted and plaintiff's complaint/FAC be dismissed without leave to amend.

Dated: August 9, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

　　　　/s/
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.